*Mr. S. F. Chillingworth* for defendant.

---

## IN THE MATTER OF THE APPEAL OF FRANK H. LOUCKS FROM THE DECISION OF THE BOARD OF REGISTRATION FOR THE ISLAND OF OAHU.

SUBMITTED SEPTEMBER 28, 1900.          DECIDED OCTOBER 2, 1900.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Section 60 of the Organic Act, which prescribes the qualifications for voters in this Territory, applies to the first election as well as to subsequent elections, to the exclusion of Section 1859 of the Revised Statutes of the United States, which prescribes the qualifications of voters at first elections in the Territories in general.

The requirement in said Section 60 that the voter shall have resided in the Territory not less than one year preceding the time at which he offers to register, should be construed as requiring such term of residence in the Hawaiian Islands, and not necessarily after the establishment of a territorial government over said islands.

2

## OPINION OF THE COURT BY FREAR, C.J.

This is an appeal from a decision of the Board of Registration for the Island of Oahu refusing to register the name of the applicant Frank H. Loucks. The appeal is taken under Section 42 of the "Rules and Regulations for Administering Oaths and Holding Elections." Civ. L. p. 799. The only ground upon which registration was refused was that the applicant had not resided in the Hawaiian Islands one year preceding the time at which he offered to register.

The question is, which of the following provisions of the statutes of the United States governs this case, namely, Section 1859 of the Revised Statutes, which is found in the chapter entitled "Provisions Common to All the Territories," and which reads:

"Every male citizen above the age of twenty-one, including persons who have legally declared their intention to become citizens in any Territory hereafter organized, and who are actual residents of such Territory at the time of the organization thereof, shall be entitled to vote at the first election in such Territory, and to hold any office therein; subject, nevertheless, to the limitations specified in the next section."

or Section 60 of "An Act to Provide a Government for the Territory of Hawaii," found in U. S. Sts. for 1900 at page 151, which reads:

"That in order to be qualified to vote for representatives a person shall—

"First. Be a male citizen of the United States.

"Second. Have resided in the Territory not less than one year preceding and in the representative district in which he offers to register not less than three months immediately preceding the time at which he offers to register.

"Third. Have attained the age of twenty-one years.

"Fourth. Prior to each regular election, during the time prescribed by law for registration, have caused his name to be entered on the register of voters for representatives for his district.

"Fifth. Be able to speak, read, and write the English or Hawaiian language."

It is contended that Section 1859 of the Revised Statutes was intended to apply to the first election in Hawaii and that Section 60 of the Organic Act was intended to apply to subsequent elections only.

The Organic Act covers the entire subject of elections in Hawaii in minute detail.  If there is anything clear from the whole Act, it is that Congress meant to provide in this Act all the legislation it meant to provide at all for the election of members of the Territorial legislature.  There is nothing whatever in the Act itself to indicate that Section 60 was not intended to apply to the first election.  On the contrary if Section 1859 should be held to apply, it would be necessary to hold that not only Section 60 of the Organic Act, but other sections, such as Section 18, which provides that persons convicted of certain criminal offenses and certain other persons shall neither vote nor hold office under this government, do not apply to the first election, although there is nothing in those sections to so indicate, and Section 104 expressly provides that they shall take effect forty-five days after their approval.  Moreover Section 30 of the Act, relating to the number of Senators, expressly refers to the first election—as if that as well as other elections were in the contemplation of Congress in making this law.

On the other hand Section 1859 of the Revised Statutes may be satisfactorily explained consistently with this view.  That section was intended to provide for Territories created where there was previously no local government or provision for elections and where Congress intended to leave it to the people of the Territory to enact their own election laws.  The very next section, 1860, provides that, "At all subsequent elections, however, in any Territory   *   *   *   the qualifications of voters and of holding office shall be such as may be prescribed by the legislative assembly of each Territory; subject," &c.  Hawaii already had a local government with a system of election laws.  These laws were for the most part substantially reenacted by Congress in the Organic Act.  Congress did not intend to leave it to the local legislature to determine the qualifications of voters after

the first election and there was no necessity for its providing the qualifications for the first election, that is, before the local legislature could have an opportunity to so provide itself. On account of peculiar conditions existing here Congress deemed it best to prescribe itself the qualifications of voters at all elections. It would be as reasonable to hold that Section 60 of the Organic Act was intended to apply to the first election and that Section 1860 of the Revised Statutes was intended to apply to all subsequent elections as to hold that Section 60 of the Organic Act was to apply to subsequent elections only and Section 1859 of the Revised Statutes to the first election.

It is contended that Section 1859 is made to apply here under the provision of Section 5 of the Organic Act that "except as herein otherwise provided, all the laws of the United States which are not locally inapplicable, shall have the same force and effect" here "as elsewhere in the United States;" and further that the proviso to this Section 5 to the effect that Sections 1850 and 1890 of the Revised Statutes (between which the section in question is found) shall not apply here, shows that Section 1859 was intended to apply, for, it is argued, that also would have been expressly excepted if it had not been intended to apply. But Section 1859 is excepted under the words "except as herein other-wise provided," and "not locally inapplicable," in view of the provisions of Section 60 of the Organic Act; and Sections 1850 and 1890 had to be excepted expressly, if at all, because their subject matter was not covered by the Organic Act. It would be as reasonable to hold that Section 1860, as to hold that Section 1859, was intended to apply here because not expressly excepted,—in which case Section 60 of the Organic Act would never apply. The Organic Act is the later statute and as compared with the chapter referred to in the Revised Statutes it is a more particular statute. It should control.

Special emphasis is laid upon the requirement of Section 60 that the applicant must "have resided in the *Territory* not less than one year." It is contended that this does not mean the Hawaiian Islands but that it can mean only the Territory strictly

speaking and that, since the Territory was not established until the 14th of last June, no one could under this section vote at the first election, which is to be held in November next, and that therefore Congress must have intended that Section 1859 should apply to the first election. It may be conceded that it would have been more appropriate to have said "Hawaiian Islands" here than "Territory," and that in most other sections of the Act the words "Hawaiian Islands" and "Territory" are used appropriately, as, for instance in Sections 4, 34, 40, and 100. But the word "Territory" is used in the Act with reference to the islands rather than the government, and "Territory," "Hawaii" and "Hawaiian Islands" are used interchangeably to some extent; and it would be very natural to insert "Territory" where "Hawaiian Islands" would be more appropriate, the attention for the time not being directed especially to the circumstances of any particular election. In Section 2 it is provided that the "Hawaiian Islands" shall be known as the "Territory of Hawaii," and in Section 3 "a Territorial government is hereby established over the said Territory." In Sections 4, 34, 40 and 93, and other sections "Hawaiian Islands" is used as including the Territory of Hawaii. In Sections 85, 97, 102, and 103, "Hawaii" is used in place of "Territory." No uniformity is found in the Act in the use of these terms.

It is clear from a consideration of the Organic Act as compared with the chapter of the Revised Statutes referred to, that Section 60 of the former and not Section 1859 of the latter was intended to apply. Section 60 should, therefore, if possible, be so construed as to apply. The word "Territory" might very naturally have been used as meaning the territory or islands making up the Territory and not with special reference to the time when a territorial government was established here, the attention not having been especially directed to the circumstances of any particular election and all elections to take place only after the establishment of the territorial government. In our opinion the clear intention may be given effect consistently with the language of Section 60 and therefore should be given effect.

The appeal is dismissed and the decision of the Board of Registration refusing to register the name of the applicant is affirmed.

*Davis & Gear* for appellant.

*L. Andrews*, Chairman of the Board, in person.